FILED
JAMES J. VILT, JR. - CLERK
MAY 14 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL NO. 1:26-CR-00026-GNS

PADEN A. REED DEFENDANT

# PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, and defendant, Paden A. Reed, and his attorney, J. Blake Beliles, have agreed upon the following:

1. Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information which will be filed against Defendant by the United States Attorney for the Western District of Kentucky. That Information will charge Defendant with violations of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii). Defendant further acknowledges that the Information in this case seeks forfeiture of any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the offense, and any and all of the Defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations alleged in the Information, pursuant to Title 21, United States Code, Section 853.

2. Defendant has read the charges against him contained in the Information, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 1: Possession with Intent to Distribute Methamphetamine in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

> On August 22, 2025, in the Western District of Kentucky, Hart County, Kentucky, the Defendant, knowingly and intentionally possessed with the intent to distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.
>
> More specifically, on that date the Defendant was to receive a package which contained approximately 9.8 pounds of methamphetamine. A controlled delivery was conducted by USPIS, and the Defendant arrived to pick up the package.

4. Defendant understands that the charge to which he will plead guilty carries a minimum term of imprisonment of ten (10) years, a maximum term of life in prison, a maximum fine of $10,000,000, and a term of supervised release of at least five (5) years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which he will plead guilty he may be ordered to forfeit any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the offense, and any and all of the Defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations alleged in the Information.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in

separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A. If Defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against Defendant. The Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not

appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. At a trial, Defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If Defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Information counts to which he pleads guilty.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 per count for felony offenses involving individuals, for a total of $100 to be paid to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend that the Defendant is eligible under 18 U.S.C. § 3553(f) and USSG §5C1.2 to "safety valve" protection regarding mandatory minimum sentences provided that at the time of sentencing the Defendant meets all the criteria set forth in 18 U.S.C. § 3553(f) and USSG §5C1.2. Should the Defendant fail to meet any of the requirements for "safety valve" relief pursuant to 18 U.S.C. § 3553(f) and USSG §5C1.2 the United States will oppose the applicability of the "safety valve" protection at sentencing, this plea agreement will remain binding on the Defendant, and the Defendant will not be allowed to withdraw his plea.

-recommend an additional 2-level reduction below the otherwise applicable Guideline for the Defendant's "safety valve" eligibility pursuant to USSG §2D1.1(b)(18) provided that at the time of sentencing the Defendant meets all the criteria set forth in 18 U.S.C. § 3553(f) and USSG §5C1.2. Should the Defendant fail to meet any of the requirements for "safety valve" relief pursuant to 18 U.S.C. § 3553(f) and USSG §5C1.2 the United States will oppose the additional 2 level reduction, this plea agreement will remain binding on the Defendant, and the Defendant will not be allowed to withdraw his plea.

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the Defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the Defendant will not be allowed to withdraw his plea.

-stipulate that facts which support the Defendant's charges in Warren Circuit Court, Warren County, Kentucky, Case Number 25-CR-00991, and Hart District Court, Hart County, Kentucky, Case Number 25-F-00116, are relevant conduct to this offense.

-demand forfeiture of any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the offense, and any and all of the Defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations alleged in the Information.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined by the Court after completion of the final presentence investigation report (PSR) pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the total offense level calculation made in the PSR.

B. The Criminal History of Defendant shall be determined upon completion of the PSR pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of Defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The Defendant understands the Court will independently calculate the Guidelines at sentencing and Defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant agrees to the following waivers of appellate and post-conviction rights:

A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The Defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the Defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The Defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for USSG §1B1.13(b)(6) ("Unusually Long Sentence").

13. Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control:

> Any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the offense, and any and all of the Defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations alleged in the Information.

14. By this Agreement, Defendant agrees to forfeit all interests in the properties listed above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

15. Defendant agrees to waive any double jeopardy challenges that Defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for the Information. Defendant further agrees to waive any double jeopardy challenges that Defendant may have to the charges in the Information based upon any pending or completed administrative or civil forfeiture actions.

16. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

17. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to Defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

18. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any

records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning Defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of Defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

20. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture by the United States or the Commonwealth of Kentucky), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

21. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the Defendant may be detained pending sentencing.

22. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and Defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

23. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

24. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and Defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to Defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

***Remainder of Page Intentionally Left Blank***

***Signature Page Follows***

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

5-14-26

Mark J. Yurchisin II
Assistant United States Attorney

Date

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

5/14/26

Paden A. Reed
Defendant

Date

I am the Defendant's counsel. I have carefully reviewed every part of this Agreement with the Defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

5/14/26

J. Blake Beliles
Counsel for Defendant

Date

KGB:MJY