UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL NO. 1:26-CR-00026-GNS
***(Electronically Filed)***

UNITED STATES OF AMERICA PLAINTIFF

v.

PADEN REED DEFENDANT

# SENTENCING MEMORANDUM

Comes the Defendant, Paden Reed, by counsel, and for his Sentencing Memorandum, states as follows:

The Defendant, Paden Reed, respectfully appears before this Court for sentencing following his voluntary entry of guilty plea to one count of Possession with Intent to Distribute Methamphetamine. Mr. Reed does not minimize the seriousness of these offenses and acknowledges the significant impact that drug trafficking has on individuals and the community. Nevertheless, this Sentencing Memorandum is submitted to assist the Court in its consideration of the factors relevant to sentencing, including the mitigating circumstances present in this case that support a sentence below the advisory Sentencing Guidelines range. For the reasons set forth herein, the Defendant respectfully requests that the Court exercise its discretion under the applicable law to impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing.

## BACKGROUND AND HISTORY OF DEFENDANT

Paden Reed is a 39-year-old lifelong resident of Southcentral Kentucky who was born and raised in Bowling Green. He grew up in Warren County in a stable, two-parent home with his older

half-brother and younger sister. By all accounts, Mr. Reed enjoyed a loving and supportive childhood. He has consistently described his upbringing as "very typical," explaining that his parents worked hard to provide for their family and that he was never exposed to abuse, neglect, or instability during his formative years.

When Mr. Reed was approximately eighteen years old, his family experienced a significant challenge when his father served approximately one year in prison for offenses involving the exchange of stolen property for prescription pain medication. Although this period represented an isolated chapter in an otherwise stable family life, it required Mr. Reed to assume increased responsibility during a formative stage of adulthood by helping care for his mother and younger sister.

Mr. Reed graduated from Warren East High School in 2005 with a 3.95 grade point average, ranking eleventh in his graduating class. He later attended Western Kentucky University, completing twenty-five credit hours toward a bachelor's degree before leaving school.

Prior to his incarceration in August 2025, Mr. Reed maintained a consistent and productive employment history. From 2018 until his arrest, he served as the office manager for Lazarus Chiropractic while also assisting Hands for Life Southern Bowling Green, a nonprofit organization serving veterans. Before that, he worked as general manager of Rugged Wearhouse from 2011 through 2015 and also worked for his father's painting business.

Mr. Reed's father remained an important influence throughout his life until his death in March 2025 following a four-year battle with prostate cancer. That loss was deeply significant for Mr. Reed and occurred only months before the conduct giving rise to this case.

His family remains an important source of support. His mother continues to reside in Bowling Green, where she earns a living providing residential cleaning services while also serving

as the primary caregiver for her elderly mother, who suffers from dementia. Despite these responsibilities, she expressed unwavering support for her son and confirmed her willingness to provide him with stable housing upon his release. The defendant also maintains family ties through his older brother, who works in construction in Bowling Green, and his younger sister, an accountant who resides in Louisville.

Mr. Reed's substance abuse history began in his mid-twenties with regular marijuana use. He first began using methamphetamine in approximately 2014, but, discontinued his use in 2017. He resumed using methamphetamine in October 2024, primarily on weekends. Following his father's death in 2025, however, he acknowledged that his substance use increased as he struggled with grief and the loss of an important figure in his life. Although he has never previously participated in formal substance abuse treatment, Mr. Reed has expressed a sincere willingness to engage in treatment while incarcerated and during supervised release to address the issues that contributed to his offense conduct.

At the time of the offense, Mr. Reed was living alone in a rented residence in Bowling Green. He has remained continuously incarcerated since August 2025 while awaiting sentencing. Upon his release, he plans to return to Bowling Green to reside with his mother, where he will have the benefit of stable housing, family support, and a structured environment as he works toward rehabilitation and successful reintegration into the community.

## CRIMINAL HISTORY

The Presentence Investigation Report correctly reflects that the Defendant's criminal history consists of a single prior misdemeanor conviction. Consistent with the Sentencing Guidelines, that conviction did not result in any criminal history points, leaving the Defendant with a total criminal history score of zero and placement in Criminal History Category I. The

absence of any prior significant criminal history is a substantial mitigating factor, demonstrating that the instant offense is an isolated incident rather than part of a pattern of criminal conduct.

## SENTENCING GUIDELINE CALCULATION

The United States Sentencing Guidelines ("U.S.S.G.") provide a range of penalties for individuals convicted of drug trafficking offenses. Based on the quantity of drugs involved, Paden's offense level was calculated by U.S. Probation as follows:

| | | |
|---|---|---|
| Base Offense Level: | (USSG § 2D1.1(a)(5) and (c)(2) | 36 |
| Specific Offense Characteristic: | (USSG § 2D1.1(b)(18) | -2 |
| Adjusted Offense Level (Subtotal): | | 34 |
| Chapter Four Adjustment | USSG §§4C1.1(a) and (b) | -2 |
| Acceptance of Responsibility: | USSG §3E1.1(a) | -2 |
| Acceptance of Responsibility: | USSG §3E1.1(b) | -1 |
| Total Offense Level | | 29 |

Mr. Reed is also "safety valve eligible." So, there is no requirement that he be sentenced to any applicable mandatory minimum sentence.

## POLICY DISAGREEMENT WARRANTS VARIANCE

While the weight of drugs and the purity thereof are not in dispute, the resulting sentence should reflect the modern-day realities. Mr. Reed did not control the purity of the substances herein. A variance in this case is warranted herein based upon the holdings in *Kimbrough v. United States*, 552 U.S. 85 (2007) and *Spears v. United States*, 555 U.S. 85 (2007). See also *United States v. Herrera-Zuniga*, 571 F.3d 568, 585 (6th Cir. 2009) ("We thus see no reason to limit the authority recognized in Kimbrough and confirmed in Spears to the crack-powder cocaine context."). Given the foregoing, this Court has the discretion to grant a variance based on the fact that the guidelines,

as it relates to Methamphetamine are not empirically based. If the Court used the mixture of methamphetamine, instead of actual methamphetamine, his level would be reduced to a 32 base offense level instead of a 36.

## JSIN DATA

If the Court uses the base level of 32 with all the adjustments listed above at the 36 base level the clients adjusted level would be 25. If the level was 25 with a criminal history category of one, for 431 defendants in the same situation, the median sentence imposed was 36 months with a guideline range of 57 to 71 months.

## SENTENCING FACTORS

As this Court well knows 18 U.S. Code §3553 requires the Court to impose a sentence that is reasonable and not greater than necessary. To that end, below are the factors that the Court must consider,

> § 3553. Imposition of a sentence
>
> **(a)** Factors to be Considered in Imposing a Sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed—
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;
>
> **(B)** to protect the public from further crimes of the defendant;
>
> and

**(C)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

## ARGUMENT

The Defendant in this case respectfully submits that a sentence of time served or probation with a significant period of supervised release is sufficient but not greater than necessary given the distinctive facts and circumstances in this case. Mr. Reed has now served approximately one year in custody, a substantial punishment that has impressed upon him the gravity of his offense and the lasting consequences of his actions. He recognizes the seriousness of his offense. He accepted responsibility for his conduct at an early stage of these proceedings and entered a guilty plea, demonstrating genuine remorse for his actions.

His lack of criminal record indicates a low likelihood of recidivism and suggests that the serious consequences of this prosecution, together with an appropriate sentence, provides just punishment, and deter future criminal conduct. Before this offense, he was a productive citizen who maintained steady employment and supported himself through legitimate work.

The circumstances surrounding the offense are equally important. Mr. Reed did not begin using methamphetamine until he was approximately twenty-seven years old. His substance abuse spiraled after the devastating loss of his father, who passed away following a lengthy battle with cancer. Unable to cope with his grief in a healthy manner, Mr. Reed turned to methamphetamine, a decision that ultimately led to increasingly poor judgment. Although he remained gainfully employed, he made the regrettable decision to supplement his income through the distribution of methamphetamine. The Defendant felt responsible for being able to help his mother financially after his father passed and thought he could make enough money quickly by trafficking

methamphetamine to accomplish that. He fully recognizes that this decision was wrong and accepts complete responsibility for it.

## CONCLUSION

The Defendant, Paden Reed, hereby respectfully requests that he be sentenced to time served or probation with a period of supervised release sufficient. Such a sentence, including the burden of a lifelong felony conviction is sufficient to meet the goals of punishment and deterrence.

This 6th day of August, 2026.

/s/ *J. Blake Beliles*
J. Blake Beliles
THE SIMPSON FIRM
908 State Street
P.O. Box 3480
Bowling Green, KY 42102-3480
Phone: (270) 782-3929
Fax: (270) 467-0566
bbeliles@balansimpsonlaw.com

## CERTIFICATE OF SERVICE

This is to certify that on August 6, 2026, I have electronically filed this document through the ECF system, which will send notice of electronic filing to counsel of record.

*J. Blake Beliles*
J. BLAKE BELILES